**Katie CHUNG, Appellant**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellee.**

**No. 07–7074.**

United States Court of Appeals, District of Columbia Circuit.

March 3, 2008.

Ronald Charles Jessamy, Law Office of Ronald C. Jessamy, PLLC, Washington, DC, for Appellant.

Bruce P. Heppen, Associate General Counsel, Washington Metro Area Transit Authority, Washington, DC, for Appellee.

Before: GINSBURG and RANDOLPH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). The court has determined the issues presented occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED and ADJUDGED** that the judgment of the District Court be affirmed. Chung asserts WMATA discriminated against her on account of her race, national origin, color, and sex when, rather than promote her, it hired Ray Stoner, a white male of American descent, for the position of Manager of Parking. As the district court correctly explained, however, Chung's evidence consists mostly of inadmissible affidavits which, even assuming they are admissible, simply do not demonstrate that WMATA discriminated against Chung. She argues WMATA overstates Stoner's qualifications, but there is no glaring disparity in her favor from which a reasonable jury could infer discrimination, *see Barnette v. Chertoff,* 453 F.3d 513, 516–17 (D.C.Cir.2006); Stoner is certainly as qualified as Chung, and he was qualified for the position as officially described and advertised. Chung proffers no evidence to support her conclusory allegations WMATA modified its vacancy announcement for an improper reason and interviewed a nonwhite male candidate merely as "a subterfuge." Finally, even if WMATA departed from its hiring guidelines in constituting the interview panel, Chung has not contested the testimony that the guidelines are just that, guidelines and not rules, and that the procedures actually followed were not unusual.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing en banc. *See* D.C.Cir. Rule 41(a)(1).